# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO, et al., <br><br> Defendants. | Case No. 1:16-cv-01340-LJO-SAB <br><br> ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD AS TO PLAINTIFF ROSEANNE GARCIA, BUT DENYING THE MOTION AS TO PLAINTIFF A.M., BY AND THROUGH HIS GUARDIAN AD LITEM RACHEL CURTICE <br><br> (ECF Nos. 29-33, 35, 37, 39, 42) |

Currently before the Court is a motion by Scott Hughes and Cameron Sehat to withdraw as attorneys for Plaintiff Roseanne Garcia and Plaintiff A.M.[1] (collectively "Plaintiffs"). (ECF No. 29.) A hearing was held on September 13, 2017, and Plaintiff Garcia and Ms. Curtice appeared at the hearing. Mr. Sehat appeared telephonically and Defendants' counsel did not appear. The matter was continued to November 1, 2017.

On November 1, 2017, Plaintiff Garcia was present for the hearing, but Ms. Curtice did not appear. Mr. Sehat appeared telephonically. Bruce Praet appeared telephonically for Defendants. The Court continued the hearing on the motion to withdraw to November 9, 2017.

On November 9, 2017, Plaintiff Garcia and Ms. Curtice were present for the hearing. Mr. Sehat appeared telephonically. Defendants did not appear.

Having considered the moving papers, supplemental affidavit, opposition, hearings on

---

[1] A.M. is appearing by and through his guardian ad litem Rachel Curtice ("Ms. Curtice").

1

this matter, and the Court's file, the Court grants the motion to withdraw as counsel as to Plaintiff Garcia, but denies the motion to withdraw as to Plaintiff A.M., by and through his guardian ad litem Ms. Curtice.

**I.**

**BACKGROUND**

On September 27, 2016, Ms. Curtice filed a petition for appointment of guardian ad litem for A.M., her son. On September 29, 2016, the Court appointed Ms. Curtice as guardian ad litem for A.M.

On November 11, 2016, Plaintiffs filed a second amended complaint, the operative complaint, against Defendant Clayton Smith for unlawful detention and arrest, excessive force, denial of medical care, interference with familial relationship, battery, negligence, false arrest/false imprisonment, and violation of the Bane Act, and against Defendant City of Fresno for municipal and supervisory liability, battery, and false arrest/false imprisonment related to the shooting death of Aaron Allen Marchese.[2]

On July 3, 2017, Plaintiffs' counsel filed a motion to withdraw as attorney of record. (ECF No. 29.) On July 5, 2017, Defendants filed an opposition to the motion. (ECF No. 30.)

On July 11, 2017, the Court continued the hearing to September 13, 2017, and directed Plaintiffs' counsel to file a supplemental affidavit and to personally serve Plaintiff Garcia and Ms. Curtice with a copy of this order to appear for the September 13, 2017 hearing and the July 3, 2017 motion to withdraw. (ECF No. 31.)[3]

On July 20, 2017, Plaintiffs' counsel filed a supplemental affidavit in support of the motion to withdraw. (ECF No. 32.)

On September 13, 2017, the Court held a hearing on the motion to withdraw. Plaintiff Garcia and Ms. Curtice were present and they indicated that they may not want to continue this action. The matter was continued to November 1, 2017, so that they could speak to counsel.

---

[2] Plaintiff Garcia's only claim in this action is against Defendant Smith for interference with familial relationship. The remaining claims are brought by Plaintiff A.M.

[3] On August 29, 2017, Plaintiffs' counsel filed proofs of service showing that Ms. Curtice was personally served on July 14, 2017, and that Plaintiff Garcia was personally served on July 16, 2017. (ECF No. 33.)

On October 26, 2017, Plaintiffs' counsel filed a status report stating that Plaintiffs indicated that they want to continue with this action. (ECF No. 37.) On October 26, 2017, Defendants filed an opposition based on the status report. (ECF No. 39.)

## II.

## LEGAL STANDARD

The California Rules of Professional Conduct state that an attorney may not withdraw from employment in a proceeding without the permission of the court. Cal. Rules of Professional Conduct 3-700(A)(1). To withdraw, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. Rules of Professional Conduct 3-700(A)(2).

Further, the Local Rules of the Eastern District of California provides that:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d).

It is within the Court's discretion whether to grant withdrawal. See L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *2 (E.D. Cal. Aug. 6, 2012). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id.

## III.

## DISCUSSION

In this instance, Mr. Sehat and Mr. Hughes seek to withdraw from representation of both Plaintiff Garcia and Plaintiff A.M., which would leave Plaintiffs in propria persona unless and

until Plaintiffs retain counsel.[4]  The reason for withdrawing from representation of Plaintiff A.M. is different from the reason for withdrawing from representation of Plaintiff Garcia, so the Court discusses the withdrawal for each plaintiff separately.  The Court first discusses Plaintiffs' counsel's reason for withdrawing from representation of Plaintiff A.M.

### A. Plaintiff A.M., By and Through His Guardian Ad Litem Ms. Curtice

Plaintiffs' counsel indicate in the motion to withdraw that they made multiple attempts to communicate with Ms. Curtice with little or no response prior to filing the motion to withdraw. Plaintiffs' counsel do not cite a specific rule pursuant to which they seek leave to withdraw from representation of Plaintiff A.M.  However, their allegations appear to fall under California Professional Conduct Rule 3-700(C)(1)(d), which provides for permissive withdrawal when the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively."

Defendants contend in their October 26, 2017 opposition that if withdrawal is granted, Defendants and the Court will have several problems.  Defendants argue that there will be a questionable ability to conduct discovery with pro se parties whose history of cooperation to date has been tenuous at best and there will be a minor Plaintiff in the case whose representation by the current guardian ad litem is questionable.[5]

Here, Mr. Sehat and Mr. Hughes have provided affidavits stating that Mr. Sehat attempted to contact Ms. Curtice on February 21, 2017, at her last listed phone number, but she did not respond.  Mr. Hughes attempted to contact Ms. Curtice by telephone on April 19, 2017. Mr. Hughes called Ms. Curtice several more times between April 19, 2017, and April 30, 2017, and again on May 16, 2017, but there was no response.  On June 15, 2017, Mr. Hughes mailed Ms. Curtice a letter requesting Ms. Curtice contact Mr. Hughes and Mr. Sehat by June 30, 2017, to discuss termination of legal representation and instructions for Ms. Curtice to proceed in pro

---

[4] At the November 9, 2017 hearing, Plaintiffs indicated that they have not been able to find counsel to substitute into the case.  Therefore, Plaintiffs would be proceeding in propria persona if the Court grants the motion to withdraw unless and until they retain counsel.

[5] The Court notes that Defendants did not appear at the November 9, 2017 hearing, and therefore, they have waived any argument in opposition to the motion to withdraw.

per or otherwise dismiss the case. As of July 20, 2017, there was no response from Ms. Curtice and the letter was not returned as undelivered.

Ms. Curtice appeared at the September 13, 2017 hearing and stated that it may be better emotionally for A.M. if this case does not continue. The Court ordered Plaintiffs to have a teleconference with their counsel on October 3, 2017, and continued the motion to withdraw.

On October 26, 2017, Plaintiffs' counsel filed a status report which states that counsel and Plaintiffs had a teleconference on October 3, 2017, during which Plaintiffs expressed their desire to continue to pursue this matter and seek new counsel. However, Ms. Curtice requested that she be removed as guardian ad litem and that Plaintiff Garcia be appointed in that role. Plaintiff Garcia stated that she had found new counsel to represent the parties. Plaintiffs' counsel told Plaintiff Garcia to have the new attorneys contact them and for new counsel to file a notice of representation and substitution of attorney. In the status report, Plaintiffs' counsel indicated that they have not been contacted by any attorney who is going to substitute into the case.

At the next hearing on November 1, 2017, which Ms. Curtice did not appear at despite being ordered to appear, Plaintiff Garcia stated that she had a lawyer in mind to represent Plaintiffs, but he dropped them as clients about two weeks prior. The Court issued an order continuing the hearing to November 9, 2017, and noted that Ms. Curtice is still the guardian ad litem for A.M. and must appear at the November 9, 2017 hearing.

Ms. Curtice and Plaintiff Garcia attended the hearing on November 9, 2017.[6] At that hearing, Plaintiffs indicated that they have not been able to find counsel to substitute into the case. Ms. Curtice stated that she left a message with counsel's secretary that another lawyer is not taking the case, but she did not hear back from her counsel.

When the Court considers the factors in L.S. ex rel. R.S., 2012 WL 3236743, at *2, the

---

[6] However, Ms. Curtice did not bring a doctor's note regarding her illness that prevented her from attending Court on November 1, 2017. At the November 1, 2017 hearing, Plaintiff Garcia and her daughter, Anna Marchese, informed the Court that Ms. Curtice had bronchitis. As Ms. Marchese and Plaintiff Garcia were in communication with Ms. Curtice, the Court instructed Plaintiff Garcia and Ms. Marchese to inform Ms. Curtice to appear at the November 9, 2017 hearing and submit a doctor's note regarding the illness that prevented her from attending Court on November 1, 2017. Ms. Curtice stated at the November 9, 2017 hearing that she did not know that she had to bring a doctor's note because Ms. Garcia had failed to notify her as the court had ordered. It should be noted that Ms. Curtice never made any attempt to advise the Court before that hearing that she would not show up due to the alleged illness. She simply had the decision to not show up despite an order.

Court finds that Plaintiffs' counsel's motion to withdraw should be denied. The only reason that Plaintiffs' counsel has provided for withdrawing from representation of Plaintiff A.M. is the lack of communication by A.M.'s guardian ad litem, Ms. Curtice. The Court recognizes that Ms. Curtice has failed to communicate with counsel in this matter. However, she did participate in the teleconference with counsel on October 3, 2017. She also attended the September 13, 2017 and November 9, 2017 hearings on the motion to withdraw. This is not a situation where a client stops all communication with counsel, does not respond to orders, and does not attend hearings. While Ms. Curtice does not appear to be a strong example of a guardian ad litem, she is still pursuing this action on behalf of A.M.[7] If Ms. Curtice fails to communicate with counsel again in the future, the failure to communicate may be a strong reason for withdrawal or for counsel to seek a substitution of a person who will be a better guardian ad litem. No such request has been made to date.

The Court is also aware that if it grants Plaintiffs' counsel's motion to withdraw, Ms. Curtice would be a non-attorney guardian ad litem who is not represented by counsel. Rule 17 of the Federal Rules of Civil Procedure provides that a minor or incompetent person may sue by a next friend or guardian ad litem. Fed. R. Civ. P. 17(c)(2). It is established that a non-attorney parent must be represented by counsel in bringing an action on behalf of the child. Johns v. Cty. of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997). The Ninth Circuit agreed with the Third Circuit's reasoning that there is no choice for minors to appear pro se under state law and there "is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others." Id. (quoting Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991)). The Third Circuit had also stated that "it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Id. In Johns, the Ninth Circuit

---

[7] To the extent that another person wants to substitute in as guardian ad litem for Plaintiff A.M., a substitution of guardian ad litem may be filed which shows that the proposed guardian ad litem is truly dedicated to the best interests of the minor and addresses whether there is any conflict of interest between the minor and the proposed guardian ad litem.

6

also recognized that it is bound by the general holding that a non-lawyer "has no authority to appear as an attorney for others than himself." Johns, 114 F.3d at 877 (quoting C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987)). Therefore, the Ninth Circuit held that a non-attorney parent or guardian cannot bring an action on behalf of a minor child without retaining legal counsel. Johns, 114 F.3d at 877.

The Ninth Circuit determined that if the guardian ad litem refuses to hire a lawyer, the complaint as to the guardian ad litem in his or her capacity as guardian ad litem must be dismissed without prejudice thereby giving the guardian ad litem further opportunity to secure an attorney at a later time within the limitations period and bring the action on behalf of the minor. Id. The Ninth Circuit also determined that the complaint as to the minor should be dismissed without prejudice to preserve the child's ability to prosecute his claims himself when he achieves the age of majority. Id. at 878.

If the Court permits counsel to withdraw, Ms. Curtice and A.M. would suffer prejudice. Plaintiffs have indicated that they are having trouble finding someone to represent them in this case. The Court could give Ms. Curtice more time to find new counsel. If Ms. Curtice does not have counsel representing her as the guardian ad litem, then she and A.M. cannot participate in this action. This would cause a delay in this action. If Ms. Curtice does not retain counsel by a deadline set by the Court, the claims as to Ms. Curtice as guardian ad litem and as to the minor would be dismissed without prejudice. The claims as to Ms. Curtice as guardian ad litem could be refiled if within the limitations period and if she retains counsel and the claims as to A.M. could potentially be refiled years later when A.M. reaches the age of majority. This would affect the administration of justice and cause prejudice to other litigants in this action.

As Ms. Curtice participated in a teleconference with counsel and appeared at hearings following the filing of the motion to withdraw and Ms. Curtice would be a non-attorney guardian ad litem who is not represented by counsel if withdrawal is granted, the Court finds that Plaintiffs' counsel's motion to withdraw should be denied as to A.M., by and through his guardian ad litem Ms. Curtice. The Court will direct Ms. Curtice, as guardian ad litem for

Plaintiff A.M., to communicate with Plaintiffs' counsel at least once a month.[8] If communication issues persist or if another reason for withdrawal arises, Plaintiffs' counsel may file another motion to withdraw as counsel or seek to substitute a new guardian ad litem. The parties should be free to conduct their discovery and move forward with this case. A failure of a party to respond to discovery could result in monetary or others sanctions including sanctions against a non-complying party.

### B. Plaintiff Garcia

Plaintiffs' counsel seek to withdraw from representation of Plaintiff Garcia because she consented to the withdrawal. Plaintiffs' counsel cite to California Professional Conduct Rule 3-700(C)(5), which allows permissive withdrawal if "[t]he client knowingly and freely assents to termination of the employment."

The motion to withdraw states that on April 19, 2017, counsel told Plaintiff Garcia "via telephone, of their intention to withdraw from representation, the reasons thereof, and gave the client two weeks to find new counsel or proceed in pro per." (ECF No. 29 at 3:19-21.) The motion also states that "[o]n April 30, 2017, Ms. Garcia requested more time to find another counsel." (ECF No. 29 at 3:21-22.) On May 16, 2017, Plaintiff Garcia responded to counsel and "asserted that she was willing to proceed in pro per." (ECF No. 29 at 3:22-23.) On June 12, 2017, Plaintiff Garcia "[stated that she] was unable to find new counsel and requested that [counsel] file the present motion to be relieved." (ECF No. 29 at 3:23-24.) Plaintiff Garcia signed the motion to withdraw. (ECF No. 29 at 4.)

Here, Plaintiffs' counsel provided notice of the motion to withdraw to Plaintiff Garcia by having her sign the motion to withdraw and then personally serving her with the motion and the order to appear at the September 13, 2017 hearing. (ECF Nos. 29, 33.) Mr. Hughes provided Plaintiff Garcia's last known address in his July 20, 2017 supplemental affidavit. (ECF No. 32.) Therefore, Plaintiffs' counsel complied with the requirements of Local Rule 182(d).

Plaintiff Garcia attended the hearings on September 13, 2017, November 1, 2017, and

---

[8] If a new guardian ad litem is substituted for Ms. Curtice, the new guardian ad litem will have to adhere to this requirement.

November 9, 2017. Plaintiff Garcia has not raised any objection to permitting counsel to withdraw from representing her. As Plaintiff Garcia signed the motion to withdraw, which states that she asserted she was willing to proceed in pro per and requested that counsel file the motion to be relieved as counsel, and she has not voiced any opposition to permitting counsel to withdraw from representing her, the Court finds that there is a strong reason for counsel's withdrawal.

The Court next considers whether other litigants would be prejudiced by the withdrawal, the delay withdrawal may cause, and any harm caused to the administration of justice by withdrawal. Although Plaintiff A.M., by and through his guardian ad litem Ms. Curtice, cannot proceed in this action in propria persona, Plaintiff Garcia may represent herself in this matter. If Plaintiff Garcia proceeds in this action in propria persona, she must comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders, and if she does not, Defendants have remedies available. This matter is still in discovery. While discovery with a pro se plaintiff may not be as smooth or efficient as with an attorney, Plaintiff Garcia will have to comply with all discovery requirements. As discussed above, the parties should be free to conduct their discovery and move forward with this case. A failure of a party to respond to discovery could result in sanctions, including monetary or other sanctions, against a non-complying party. Therefore, when the Court balances the reasons for seeking to withdraw against the need to avoid undue prejudice to other litigants, the delay withdrawal may cause, and any harm caused to the administration of justice, the Court finds that Plaintiffs' counsel's motion to withdraw as to Plaintiff Garcia should be granted.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Scott Hughes and Cameron Sehat's motion to withdraw as counsel of record as to Plaintiff A.M., by and through his guardian ad litem Rachel Curtice, is DENIED;

2. Scott Hughes and Cameron Sehat's motion to withdraw as counsel or record as to Plaintiff Roseanne Garcia is GRANTED;

3. The Clerk of the Court is directed to terminate Scott Hughes and Cameron Sehat as attorneys of record for Plaintiff Roseanne Garcia in this action;

4. The Clerk of the Court is directed to update Plaintiff Roseanne Garcia's address on the docket and serve a copy of this order as follows:

> Roseanne Garcia
> 4909 N. Hayes Ave.
> Fresno, CA 93723
> 559-290-4963

5. Rachel Curtice, as guardian ad litem for Plaintiff A.M., shall communicate with Scott Hughes and/or Cameron Sehat at least once a month or more often when the need arises, such as responding to discovery requests; and

6. The Clerk of the Court is DIRECTED to serve a copy of this order on Rachel Curtice at the address that she provided to the Court on November 9, 2017.

IT IS SO ORDERED.

Dated: **December 14, 2017**

UNITED STATES MAGISTRATE JUDGE