# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE GARCIA., et al., | Case No. 1:16-cv-01340-LJO-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING APPROVING PLAINTIFF A.M.'S MINOR'S COMPROMISE |
| v. | |
| CITY OF FRESNO, et al., | ORDER VACATING APRIL 11, 2018 HEARING |
| Defendants. | |
| | (ECF Nos. 47 & 50) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court are a petition for minor's compromise by Plaintiff A.M., by and through his guardian ad litem Rachel Curtice ("Plaintiff A.M."), and an amended petition for minor's compromise. (ECF Nos. 47, 50.) The matter was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. A hearing on the motion was set for April 11, 2018. The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g).[1] Accordingly, the previously scheduled hearing set for April 11, 2018, will be vacated and the parties will not be required to appear at that time.

---

[1] The Court also notes that pursuant to the Local Rule, Defendants' opposition to the petition for minor's compromise was due March 28, 2018. L.R. 230(c). Defendants did not file an opposition to the motion. Therefore, the Court sees no reason to conduct a hearing on the matter.

1

# I.

# BACKGROUND

In the early morning hours of August 7, 2015, Fresno Police Department Officer Clayton Smith responded to a call to investigate a man brandishing a firearm. When Officer Smith arrived, he attempted to arrest decedent Aaron Allen Marchese ("decedent"). Decedent turned away and pulled up his shirt. Officer Smith shot decedent twice.

On September 9, 2016, this action was filed by Plaintiff Roseanne Garcia ("Plaintiff Garcia"). (ECF No. 1.) On September 27, 2016, Plaintiffs A.M. and Garcia (collectively "Plaintiffs") filed a first amended complaint. (ECF No. 11.) On September 27, 2016, Plaintiff A.M. filed a motion to appoint a guardian ad litem, his mother, Ms. Curtice. (ECF No. 12.) On September 29, 2016, Ms. Curtice was appointed guardian ad litem for Plaintiff A.M. (ECF No. 14.)

On November 11, 2016, Plaintiffs filed a second amended complaint. (ECF No. 17.) Plaintiff A.M., as an individual and successor in interest to decedent, brought claims for unreasonable detention and arrest, excessive force and denial of medical care, Monell liability, battery, negligence, false arrest or imprisonment, and violation of the Bane Act. Plaintiff Garcia brought a separate claim for interference with familial relationship.

On January 29, 2018, Plaintiff A.M. and Defendants filed a stipulation dismissing Plaintiff A.M.'s claims with prejudice. (ECF No. 45.) However, as Plaintiff A.M. had not filed a motion or approval of a proposed settlement or compromise, the Court ordered Plaintiff A.M. to file a motion for approval of a proposed settlement or compromise. (ECF No. 46.)

On March 5, 2018, Plaintiff A.M. filed a petition for minor's compromise. (ECF No. 47.) On March 30, 2018, Plaintiff A.M. filed an amended petition for minor's compromise.[2] (ECF No. 50.)

/ / /

/ / /

---

[2] The petition for minor's compromise was amended to include a copy of the petition signed by Ms. Curtice. There also is an updated declaration from Cameron Sehat addressing the petition signed by Ms. Curtice.

2

## II.

## LEGAL STANDARD

Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise....

Local Rule 202(b)(2).[3]

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. However, in Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

## III.

## DISCUSSION

The petition for minor's compromise sets forth the required information. Plaintiff A.M. is 13 years of age. The minor's claims are based on the death of his father, the decedent, on

---

[3] In the February 2, 2018 order directing Plaintiff A.M. to file a motion for approval of a proposed settlement or compromise, Plaintiff's counsel was directed to advise whether they have received or expect to receive any compensation, from whom, and the amount. See Local Rule 202(c).

1 August 7, 2015, when he was shot and killed by Defendant Smith. The injuries sustained by
2 Plaintiff A.M. as a result of decedent's death were the loss of love, comfort, and society.

3 Plaintiff A.M. and Defendants have agreed to a dismissal with prejudice of Plaintiff
4 A.M.'s claims in exchange for a waiver of costs and fees.

5 The petition for minor's compromise indicates that Ms. Curtice has made a careful and
6 diligent investigation to ascertain the facts relating to the incident, the responsibility for the
7 incident, and the nature, extent, and seriousness of Plaintiff A.M.'s injuries. (ECF No. 50-1 at 4-
8 5.)[4] Ms. Curtice understands that if the compromise is approved and takes effect, A.M. will
9 forever be barred and prevented from seeking any further recovery. (ECF No. 50-1 at 5.)

10 A.M. is represented by Cameron Sehat and Scott Hughes. Mr. Sehat filed a declaration
11 in support of the petition for minor's compromise. (Decl. of Cameron Sehat ("Sehat Decl."),
12 ECF No. 50 at 5-6.) Mr. Sehat states that the costs and fees incurred by both Mr. Sehat and Mr.
13 Hughes are waived. (Sehat Decl. ¶ 4.) He believes that the settlement is appropriate based on
14 the strength and weakness of Plaintiff's case. (Sehat Decl. ¶ 5.) Mr. Sehat and Mr. Hughes
15 discussed the merits, strengths, and weaknesses of the case to Ms. Curtice, who agreed and felt
16 that the settlement is in the best interest of Plaintiff A.M. (Sehat Decl. ¶ 6.) On March 2, 2018,
17 Mr. Sehat spoke to Ms. Curtice regarding the minor's compromise requirement and she still
18 wished to proceed with the settlement terms. (Sehat Decl. ¶ 7.) On March 20, 2018, Mr. Sehat
19 received a copy of the petition for minor's compromise signed by Ms. Curtice. (Sehat Decl. ¶ 8.)

20 Having considered the unopposed petition, the Court finds that the settlement agreement
21 is fair and reasonable in light of the representation that there has been a discussion of the merits,
22 strengths, and weaknesses of the case with Ms. Curtice, Plaintiff A.M.'s guardian ad litem, and
23 that Ms. Curtice feels that settlement is in the best interest of Plaintiff A.M.

24 / / /
25 / / /
26 / / /
27

---

28 [4] The Court cites to the copy of the petition for minor's compromise that Ms. Curtice signed and Mr. Sehat's declaration dated March 30, 2018.

## IV.

## RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff A.M.'s petition for minor's compromise (ECF Nos. 47 & 50) be GRANTED and the settlement be APPROVED; and

2. The hearing set for April 11, 2018, at 10:00 a.m. is HEREBY ORDERED VACATED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 2, 2018__

UNITED STATES MAGISTRATE JUDGE