# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE GARCIA, et al., | 1:16-cv-01340-LJO-SAB |
| Plaintiffs, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| CITY OF FRESNO, et al., | |
| Defendants. | |

Plaintiff Roseanne Garcia ("Plaintiff"), who is *pro se*, states a claim pursuant to 42 U.S.C § 1983 for her loss of familial relationship with her son, Aaron Marchese, who was shot and killed by Defendant Clayton Smith on August 7, 2015 (fourth cause of action). ECF No. 17, ¶¶ 15-16, 42-48.[1] Defendants City of Fresno and Smith filed a motion for summary judgment on the fourth cause of action on March 9, 2018. ECF Nos. 48-49. Plaintiff did not participate in meet and confer efforts or file an opposition or statement of non-opposition with regard to the summary judgment motion. Pursuant to this Court's order on April 12, 2018, Plaintiff was required to file a response to the Order to Show Cause ("OSC") by May 2, 2018, showing why her claims should not be dismissed for failure to prosecute. ECF No. 54. Plaintiff to-date has not filed an opposition to the motion for summary judgment or any response to the OSC.

It is well established that a district court has the authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *Henderson v. Duncan*, 779 F.2d 1421,

---

[1] The Second Amended Complaint also contains three other causes of action brought by Plaintiff A.M. that are not the subject of this Order. *See* ECF No. 17.

1423 (9th Cir. 1986); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (the court's authority to dismiss with prejudice for failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (recognizing that the district court may dismiss an action for failure to comply with a court order), *as amended* (May 22, 1992).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

In this case the first and second factor, the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket, weigh in favor of dismissal. Plaintiff failed to respond to Defendants' meet and confer efforts, failed to file any response to Defendants' motion for summary judgment, and failed to respond to the Court's OSC. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming district court's dismissal of a *pro se* plaintiff's civil rights action after the plaintiff failed to file an opposition to the defendant's motion to dismiss). The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since unreasonable delay creates a presumption of injury to the defense and may support a dismissal for lack of prosecution. *Henderson*, 779 F.2d at 1423. Plaintiff has not offered any reason for the delay and non-responsiveness and thus the court finds the delay is unreasonable. The fourth factor does not weigh in favor of Plaintiff since she has failed to respond in any way to the dispositive motion filed and the public policy in favor of disposition on the merits is outweighed by the other factors considered here. Lastly, the Court's OSC indicated that the failure to respond to the OSC, following Plaintiff's non-response to meet and confer

efforts and the summary judgment motion, would result in the dismissal of the action for failure to prosecute. ECF No. 54. A court's warning to party that his or her failure to obey a court's order will result in dismissal can satisfy the fifth factor's consideration of alternatives requirement. *Ferdik*, 963F.2d at 1262. Plaintiff still failed to respond to the OSC despite the warning. These factors weigh in favor of dismissal for failure to prosecute.

Accordingly, Plaintiff Garcia's sole claim (the fourth cause of action) is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to prosecute her claim.

IT IS SO ORDERED.

Dated: **May 10, 2018** /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE